Filed 10/14/20  P. v. Lockheart CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B303374 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA125699-02) |
| v. | |
| JAMES HERBERT LOCKHEART, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Remanded with directions.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

James Herbert Lockheart appeals from the trial court's failure to recalculate custody credits following his resentencing on remand, instead leaving that task to the Department of Corrections and Rehabilitation.  The Attorney General agrees the court erred, as do we.  We remand the matter with directions to the trial court to determine the number of days Lockheart has spent in actual custody and to prepare an amended abstract of judgment that reflects his total custody credits.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial in 2014 Lockheart was convicted with his codefendant Dominque Jones of two counts of attempted willful, deliberate and premeditated murder with special findings the crimes had been committed with a firearm and for the benefit of a criminal street gang.  Both Lockheart and Jones were sentenced to aggregate state prison terms of 80 years to life. Lockheart was awarded 611 days of custody credit—532 actual days and 79 days of conduct credit.

In an initial appeal we affirmed the convictions but remanded the matter for resentencing to permit the trial court to exercise its discretion whether to impose consecutive or concurrent terms of imprisonment.  (*People v. Lockheart* (Feb. 15, 2017, B255880) [nonpub. opn.].)  On remand the trial court again sentenced Lockheart and Jones to consecutive indeterminate state prison terms, aggregating, according to the trial court, 80 years to life.  Lockheart was awarded 2,113 days of custody credit—1,837 actual days and 276 days of conduct credit.

2

In a second appeal we held the trial court erred in imposing a state prison term of 15 years to life for attempted willful, deliberate and premeditated murder rather than a straight life sentence, as specified in Penal Code section 664, subdivision (a).[1] We once again remanded Lockheart's and Jones's cases for resentencing on the substantive offenses and also to permit the trial court to decide whether to strike or dismiss the firearm-use enhancements imposed pursuant to section 12022.53, subdivision (d), under section 12022.53, subdivision (h), as amended effective January 1, 2018. (*People v. Jones* (Mar. 18, 2019, B286583) [nonpub. opn.].)

On remand the court declined to strike or dismiss the firearm-use enhancements and imposed on each count, as to both men, a life term with a minimum parole eligibility of 15 years pursuant to section 186.22, subdivision (b)(5), plus an additional term of 25 years to life for the personal use and discharge of a firearm causing great bodily injury pursuant to section 12022.53, subdivision (d). The sentences on the two counts were to run consecutively. The court also stated, "[C]redits as to both defendants remain the same. There was no error as to the credits given before."[2] According to the minute order of the resentencing

---

[1] Statutory references are to this code.

[2] Jones's counsel tactfully objected, inquiring, "[S]ince you resentenced them, aren't they entitled to the credits between the time you originally gave them credits and today?" The court replied, "No. They're not considered pre-sentence custody days. [¶] . . . [¶] They just remain the same as when they were first sentenced." Counsel asked, "And then the state prison took over from there, right?" The court answered, "Yes."

hearing, Lockheart received 611 days of custody credit "as imposed on April 23, 2014." The minute order also states, "Any additional credits are to be determined by the Department of Corrections."

## DISCUSSION

Section 2900.5, subdivision (a), provides in part, "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment. (See *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 ["A defendant is entitled to actual custody credit for 'all days of custody' in county jail and residential treatment facilities, including partial days. [Citations.] Calculation of custody credit begins on the day of arrest and continues through the day of sentencing"].) Section 2900.5, subdivision (d), assigns the task of calculating custody credits to the trial court.[3] Section 2900.1, a related provision concerning custody credits, states, "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

---

[3] Section 2900.5, subdivision (d), provides, "It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213."

4

As the Supreme Court explained in *People v. Buckhalter* (2001) 26 Cal.4th 20, under these statutory provisions it is the responsibility of the trial court to recalculate custody credits following a remand for resentencing, but, as to an inmate serving time in prison, only with respect to the actual days served: "When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' [Citation.]  On the other hand, a convicted felon once sentenced, committed, and delivered to prison is not restored to presentence status, for purposes of the sentence-credit statutes, by virtue of a limited appellate remand for correction of sentencing errors. Instead, he remains 'imprisoned' [citation] in the custody of the Director 'until duly released according to law' [citation], even while temporarily confined away from prison to permit his appearance in the remand proceedings.  Thus, he cannot earn good behavior credits under the formula specifically applicable to persons detained in a local facility, or under equivalent circumstances elsewhere, 'prior to the imposition of sentence' for a felony.  [Citations.]  Instead, any credits beyond *actual custody time* may be earned, if at all, only under the so-called worktime system separately applicable to convicted felons serving their sentences in prison." (*Id.* at p. 23.)

Here, having modified Lockheart's sentence following our last remand for resentencing, the trial court was obligated to calculate his actual time in custody and to prepare a new abstract of judgment reflecting his total custody credits.  (See *People v. Buckhalter*, *supra*, 26 Cal.4th at p. 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new

5

abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time"].)

Lockheart contends, the Attorney General concedes, and we agree, this matter must be remanded to the trial court to determine the number of days Lockheart has spent in actual custody, credit those days to Lockheart and amend the abstract of judgment to reflect his total custody credits.

## DISPOSITION

The matter is remanded with directions to the trial court to determine the number of days Lockheart has spent in actual custody and to prepare a corrected abstract of judgment that reflects his total custody credits and forward it to the Department of Corrections and Rehabilitation.

PERLUSS, P. J.

We concur:

FEUER, J.

DILLON, J.*

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6